IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ronald L. Legg, | ) | C/A No.: 1:12-481-RMG-SVH |
|               Plaintiff, | ) | |
| vs. | ) | ORDER |
| Southern Health Partners, Jodi Harrison, | ) | |
|               Defendants. | ) | |

      This matter comes before the court on Plaintiff's motion to stay state criminal proceedings against him. [Entry #23]. Plaintiff requests a stay of the state criminal proceedings based on allegations that the state is interfering with his civil rights case in this court. Specifically, he alleges officers at the J. Reuben Long Detention Center are opening his mail and are over-prescribing him medication. Additionally, he believes he is not getting effective assistance of counsel from his lawyer in his state criminal case.

      To the extent Plaintiff is seeking relief on his § 1983 claims, relief at this time is premature, as this case is still proceeding. To the extent Plaintiff seeks relief or has complaints related to his state criminal case, such relief should be sought in his state case. Absent extraordinary circumstances, federal courts are not authorized to interfere with a state's pending criminal proceeding. *See, e.g., Younger v. Harris*, 401 U.S. 37, 44, (1971); *Harkrader v. Wadley*, 172 U.S. 148, 169–70 (1898); *Nivens v. Gilchrist*, 319 F.3d 151 (4th Cir. 2003); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50–53 (4th Cir. 1989). In *Cinema Blue*, the Fourth Circuit ruled that federal district courts should

abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Cinema Blue*, 887 F.2d at 52. Plaintiff's claim for violation of his constitutional rights has been, and can continue to be, pursued in his state criminal case. Also, the Anti–Injunction Act, 28 U.S.C. § 2283, expressly prohibits a federal court from enjoining state court proceedings and applies to prohibit the requested action of ordering staying state criminal charges against Plaintiff. None of the delineated exceptions in the Anti–Injunction Act are present in this case. *See* 28 U.S.C. § 2283. Therefore, Plaintiff's motion to stay the state criminal proceedings against him [Entry #23] is denied.

    IT IS SO ORDERED.

April 9, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge