IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald L. Legg, | ) C/A No.: 1:12-481-MGL-SVH |
| Plaintiff, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Southern Health Partners, | ) |
| Defendant. | ) |

Ronald L. Legg ("Plaintiff"), proceeding pro se and in forma pauperis, brought this civil rights action against Southern Health Partners[1] ("Defendant") alleging deliberate indifference to his serious medical needs while incarcerated at John Reuben Long Detention Center ("JRLDC"). This matter comes before the court on the following motions: (1) Defendant's motion for summary judgment [Entry #37]; (2) Plaintiff's motion to amend [Entry #35]; and (3) Plaintiff's motion to compel [Entry #51]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion for summary judgment is dispositive, this Report and Recommendation is entered for review by the district judge.

I. Factual Background

According to Plaintiff's complaint, he was diagnosed with a staph infection on December 17, 2011 and was quarantined from the general population for seven days

---

[1] Beginning October 2, 2011, Southern Health Partners, Inc. began contracting with Horry County to provide medical services at JRLDC.

while he received medication. [Entry #1 at 3]. On December 27, 2011, he developed a skin rash "that grew to an extreme state within about ten days . . . ." *Id*. Plaintiff claims he wrote several medical grievances and was examined by medical. *Id*. The nurse instructed him not to scratch the sores and told him to apply lotion from the commissary. *Id*. On January 10, 2012, Plaintiff was provided lotion from JRLDC after he sent a request to staff indicating that his dry skin had resulted in open sores. [Entry #43-1]. However, according to Plaintiff's complaint, JRLDC would not provide him with more lotion. [Entry #1 at 4]. Plaintiff was seen by agents of Defendant again and he was provided a small amount of antibiotic cream on his next two visits. *Id*. at 4–5. Plaintiff claims that as of the date of his complaint, February 15, 2012, the rash persisted. *Id*. On March 13, 2012, the medical staff indicated that Plaintiff's current medical condition was not improving and that a dermatologist appointment was recommended, although the expense of the appointment was Plaintiff's responsibility. [Entry #43-4]. Plaintiff filed a grievance about the alleged lack of medical care and the March 21, 2012 response indicates that he was provided Benadryl, a cotton blanket, and Absorbase cream. [Entry #43-2]. On April 20, 2012, Plaintiff completed a medical request indicating that the steroids he was using were working and he requested more. [Entry #43-3]. As of May 2012, Plaintiff was still receiving the Absorbase cream. [Entry #41-2 at 6].

Plaintiff also claims that in August 2011, he complained to the medical staff at JRLDC about a prostate issue that caused him to get up several times at night to go to the bathroom and caused him to have a scratchy voice. *Id*. He complains that the medical staff told him this was from old age and there was nothing they could do. *Id*. at 4–5.

Defendant filed its motion for summary judgment on May 8, 2012. [Entry #37]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [Entry #38]. Plaintiff responded to the motion [Entry #41, #43] and was granted additional time to file a supplement [Entry #45].[2] Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the district judge grant Defendant's motion for summary judgment.

II.     Discussion

   A.     Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

---

[2] In his motion dated June 10, 2012, Plaintiff requested the court stay a ruling on Defendant's summary judgment motion for 45 days while he awaited responses to his interrogatories. [Entry #45]. The court granted the 45-day stay, but noted that the discovery deadline had passed. [Entry #46]. As the 45 days have passed and Plaintiff has filed no supplemental briefing, this matter is ripe for review.

made for purposes of the motion only), admissions, interrogatory answers, or other materials; " or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

1. Exhaustion of Administrative Remedies

Although Defendant claims that Plaintiff has not exhausted his administrative remedies, it has failed to provide any details about the requirements for exhaustion at JRLDC or Plaintiff's attempt to exhaust, if any. [Entry #37-4 at 6–7]. "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674,

683 (4th Cir. 2005). Because it has failed to meet its burden with regard to its affirmative defense of failure to exhaust, Defendant is not entitled to summary judgment on this ground.

### 2. Fourteenth Amendment Review

Plaintiff's claims are analyzed through the lens of the due process clause of the Fourteenth Amendment. "[A] pretrial detainee, not yet found guilty of any crime, may not be subjected to punishment of any description." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). "However, not every hardship encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Hill,* 979 F.2d at 991. "And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish*, 441 U.S. 520, 537 (1979). "A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. In doing so, the *Bell* court noted, "maintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." *Id.* at 546.

However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983) and *Hill*, 979 F.2d at 991–92).

Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees. *See Hill*, 979 F.2d at 991; *Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir. 1988) (citations omitted).

### 3. Deliberate Indifference to Serious Medical Needs

In the case of *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain." *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 169–73 (1976)). The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. . . . We therefore conclude that deliberate indifference to serious medical needs of a prisoner constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

*Estelle*, 429 U.S. at 103–105 (citations and footnotes omitted). Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note, however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 107.

The Fourth Circuit has also considered this issue in the case of *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id.* at 851 (citations omitted). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. at 102–103; *Farmer v. Brennan*, 511 U.S. 825 (1994); *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986).

Here, Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. Plaintiff does not dispute that his staph infection healed. Plaintiff's medical records reveal that he was seen by Defendant and treated for his rash on multiple occasions. Although Plaintiff claims that the medical staff told him that there was nothing else they could do and he could seek additional treatment at his own expense, the medical records show that Defendant continued to provide Plaintiff with treatment. [Entry #43].

Although the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011)*; Jackson v. Fair*, 846 F. 2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326

(S.D. Ga. 1994). Here, although Plaintiff may disagree with the amount of treatment he received or object to the medical staff's attitude towards him, such allegations do not constitute a constitutional deprivation under these circumstances. Therefore, the undersigned recommends that Defendant be granted summary judgment.

    C.    Remaining Motions

        1.    Plaintiff's Motion to Amend

Plaintiff's motion to amend seeks only to add members of the medical staff at JRLDC as individual defendants to the suit. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted). Here, Plaintiff's amendment is futile for the reasons discussed above. Specifically, Plaintiff is unable to prove a claim for deliberate indifference to his serious medical needs. Therefore, Plaintiff's motion to amend is denied as futile.

        2.    Plaintiff's Motion to Compel

Additionally, Plaintiff's motion to compel [Entry #51] responses to discovery requests he served on or about June 10, 2012 is denied as untimely. Defendant's response indicates the discovery requests were sent after the deadline for the completion of discovery on May 29, 2012 and were not responded to on this basis. The March 30, 2012 scheduling order in this matter states: "Discovery shall be completed no later than <u>May 29, 2012</u>. All discovery requests, including subpoenas *duces tecum*, shall be served

in time for the responses thereto to be served by this date." [Entry #19] (emphasis in original). On April 16, 2012, the undersigned advised Plaintiff that "the proper procedure for requesting documents from Defendant is contained in Federal Rule of Civil Procedure 34" and "requests for documents should be served on counsel for Defendant. . . ." [Entry #30]. Additionally, while the undersigned granted Plaintiff an extension of time in which to respond to Defendant's summary judgment motion on June 13, 2012, the order noted that deadline for discovery had expired. [Entry #46]. Nevertheless, Plaintiff filed the instant motion to compel on July 17, 2012. A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987). As Plaintiff was advised of the deadline and procedure for obtaining discovery and nevertheless failed to timely serve his discovery requests, his motion to compel is denied.

III. Conclusion

For the foregoing reasons, Plaintiff's motion to amend [Entry #35] and motion to compel [Entry #51] are denied. Additionally, it is recommended that Defendant's motion for summary judgment [Entry #37] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 14, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).