IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Ronald L. Legg, | ) | Civil Action No. 1:12-481-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Southern Health Partners, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Ronald L. Legg, a pretrial detainee proceeding *pro se*, filed this action against Defendant Southern Health Partners pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs during the time he was incarcerated at John Reuben Long Detention Center. Defendant filed a Motion for Summary Judgment on May 8, 2012, seeking summary judgment on the grounds that Defendant's actions do not rise to the level of a constitutional violation and that Plaintiff failed to exhaust his remedies under the Prison Litigation Reform Act. (ECF No. 37.) Plaintiff responded to the Motion for Summary Judgment on May 29, 2012. (ECF No. 41.) Defendant filed a reply to Plaintiff's response on June 7, 2012. (ECF No. 42.) Plaintiff also filed additional attachments to his Response on June 7, 2012. (ECF No. 43.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On August 14, 2012, Magistrate Judge Hodges issued a Report and Recommendation recommending inter alia that the Court grant Defendant's Motion for

1

Summary Judgment. (ECF No. 56 at 9.) Magistrate Judge Hodges also denied Plaintiff's Motion to Amend (ECF No. 35) and Motion to Compel (ECF No. 51). Plaintiff filed objections to the Report and Recommendation on August 22, 2012. (ECF No. 59.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made. After conducting a *de novo* review of Plaintiff's objections, and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the Court concludes that Defendant's Motion for Summary Judgment should be granted.

## DISCUSSION

After considering the parties' submissions, the Magistrate Judge recommends that this Court grant Defendant's Motion for Summary Judgment as Plaintiff has not demonstrated a claim of deliberate indifference to his serious medical needs. Specifically, the Magistrate Judge noted that Plaintiff did not dispute that his "staph infection"–the subject of his complaint–healed. (ECF No. 56 at 7.) Further, the Magistrate Judge took note of Plaintiff's medical records which show that Plaintiff was seen and treated for his infection on several occasions. (ECF No. 56 at 7.) Thus, the

Magistrate Judge opined that while Plaintiff may disagree with the type or amount of treatment he received, under these circumstances, such allegations do not constitute a constitutional deprivation. (ECF No. 56 at 7-8.)  Plaintiff has filed objections to the Report and Recommendation (ECF No. 59) and this Court will consider them here.

First, Plaintiff makes "specific objections against the whole interpretation of the Report and Recommendation" which Plaintiff finds to be prejudicial. (ECF No. 59 at 1.) As an initial matter, even though phrased as a specific objection, Plaintiff in fact makes a general objection which does not direct this Court to any specific portion of the Magistrate Judge's report and is insufficient to challenge a Magistrate Judge's findings. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005)(finding that a "specific written objection" is required to invoke de novo review by the district court)*; Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011); *Clark v. Sumter Co.*, No. 9:07-cv-0791, 2008 WL 350480, *1 (D.S.C. 2008).  Plaintiff also objects generally to the recitation of facts by the Magistrate Judge and her treatment of Plaintiff's affidavit.  Of course this Court considers the facts set forth by Plaintiff as true and construes them in his favor. After reviewing the record, the Court finds that the Magistrate Judge's characterization of the facts is well supported.

Plaintiff's next objection appears to be a broad objection to the Magistrate Judge's conclusion that Plaintiff failed to establish a claim for deliberate indifference.  (ECF No. 59 at 4.)  Plaintiff claims that the Magistrate Judge has misinterpreted Plaintiff's claims by using "vague presumptions based on falsified medical records provided by the [Defendant]." (ECF No. 59 at 4.) Plaintiff also takes issue with what he deems to be a

3

problematic company protocol and a discriminatory policy imposed by Southern Health Partners. (ECF No. 59 at 4-5.) He further claims that the medical treatment he did receive was "very minute and trivial and only occurred through happenstance." (ECF No. 59 at 5.) Plaintiff also objects to the standard case law cited by the Magistrate Judge, claiming that the cases favor Defendant's position, and then references excerpts and citations from other cases which he maintains support his claim. (ECF No. 59 at 6-8.) To summarize his position, Plaintiff has a "'shocked conscience' [concerning] how the medical agents could ignore [his] physical and mental plight regarding the serious state of his entirely neglected condition for months." (ECF No. 59 at 8.) Plaintiff reiterates his concern that Defendant's company policy allows for "what they believe is a safety margin for allowing discriminate pain and suffering" of prisoners. (ECF No. 59 at 8.) Next, he describes the pain he felt associated with his condition and argues that this pain is sufficiently serious to support his deliberate indifference claim. (ECF No. 59 at 9.) Finally, Plaintiff seeks the production of responses to interrogatories from Defendant. (ECF No. 59 at 9.)

Defendant Southern Health Partners filed a response to Plaintiff's objection to the Report and Recommendation asking this Court to adopt the Magistrate Judge's Report and arguing that Plaintiff is simply unhappy with the amount or level of treatment he received. (ECF No. 62 at 1-2.) Plaintiff filed a response in an effort to further clarify his positions. (ECF No. 63.)

The Court has reviewed the objections and responses in light of the record in this case. First, the Court acknowledges that Plaintiff, as a pretrial detainee, is entitled to at least the same protections under the Fourteenth Amendment as are convicted prisoners

4

under the Eighth Amendment. *See Young v. City of Mount Rainer*, 238 F.3d 567, 575 (4th Cir. 2001). The Supreme Court has held that prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). Thus, deliberate indifference to the serious medical needs of a pretrial detainee violates the due process clause. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 850 (2001) (concluding that, because it is sufficient for liability under the Eighth Amendment, "deliberately indifferent conduct must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial"); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir.1999) (applying deliberate indifference standard to pretrial detainee's claim that he was denied needed medical treatment).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staffers were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). To establish deliberate indifference, the plaintiff must show that treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). Not "every claim by a prisoner that he has not received adequate medical treatment states a [constitutional] violation." *Estelle v. Gamble,* 429 U.S. 97, 105 (1976). For example, mere negligence or medical malpractice is not sufficient to establish deliberate indifference. *See Estelle*, 429 U.S. at 105–06. The Magistrate Judge has carefully and accurately articulated the applicable legal standards in the Report and Recommendation

to conclude that Plaintiff has not demonstrated a claim of deliberate indifference and the Court finds no error.

Viewing the evidence in a light most favorable to Plaintiff, the Court finds that Defendant is entitled to summary judgment and that the Magistrate Judge has accurately summarized the facts and applied the correct legal principles.   While Plaintiff claims that the Magistrate Judge has misinterpreted Plaintiff's claims by using "vague presumptions based on falsified medical records provided by the [Defendant]" (ECF No. 59 at 4), Plaintiff has not identified which medical records are allegedly falsified or offered any evidence to support the assertion.    Thus, Plaintiff here makes only a conclusory allegation which this Court need not accept. *Goldberg v. B. Green & Co., Inc.*, 836 F.2d 845, 848 (4th Cir.1988) (court need not accept conclusory assertions or naked opinions). This Court rejects as unreasonable the unsupported allegations that medical personnel have perjured themselves and fabricated Plaintiff's medical records.

Next, the Court notes that the Magistrate Judge's discussion of Plaintiff's medical history in this case is supported by Plaintiff's own affidavit and submissions, submitted primarily in response to Defendant's Motion for Summary Judgment and which indicate the treatment he received and time frames he received certain treatment and care. Contrary to Plaintiff's assertions, the Magistrate Judge developed the factual background entirely from the allegations of Plaintiff's complaint (ECF No. 1), Plaintiff's May 24, 2012 affidavit (ECF No. 41-2), and other documents and attachments submitted in conjunction with Plaintiff's opposition to Defendant's Motion for Summary Judgment.  (ECF No. 43.)

Plaintiff makes much of a purported "factual inconsistency found in Affidavit 'Exhibit A' entry #37, #11, with 'Exhibit C' entry #40, pg. 1 of 1" but upon review of these

exhibits and in conjunction with Plaintiff's May 24, 2012 affidavit, the Court finds no such inconsistency. The Court can only surmise that Plaintiff believes the fact that there are no entries listed during the month of January on the progress notes log submitted as Defendant's Exhibit C, means that no treatment ever occurred (or that such treatment was not documented). (ECF No. 59 at 2.) The Court notes that Plaintiff's May 24, 2012 affidavit outlines several dates which are consistent with the affidavit of Patricia Sue Lowery designated as Exhibit A to Defendant's Motion for Summary Judgment (ECF No. 37-1.) The grievances and other requests Plaintiff filed in his opposition papers add additional January treatment dates which are also consistent with Ms. Lowery's affidavit. In fact, the only "factual inconsistency" Plaintiff cites to is paragraph 11 of the affidavit, which primarily outlines treatment Plaintiff received after he filed his lawsuit. In his objections, however, Plaintiff clearly indicates that he received some treatment after he filed his civil claim and does not seem to take issue with the sufficiency of this treatment. (ECF No. 59 at 5.) In any event, the "factual inconsistency" Plaintiff found does not raise a genuine issue of material fact to defeat summary judgment.

Plaintiff also takes issue with what he deems to be a problematic company protocol and a discriminatory policy imposed by Southern Health Partners. (ECF No. 59 at 4-5.) In clarifying his objections, Plaintiff further states that "the agents of Southern Health Partners never made diagnostic errors in treatment per se, the errors against treatment were made by company protocol. . ." (ECF No. 59 at 5.) Plaintiff "assume[s] and argue[s] before the court that Defendant's company policy allows for what they believe is a safety margin for allowing discriminate pain . . ." (ECF No. 59 at 8.) Plaintiff goes on to state that this is his "speculation as he demonstrated this also to the court."

7

(ECF No. 59 at 8.) While a governmental entity and its officers sued in their official capacity can be held directly liable under § 1983 when a "policy or custom. . . inflicts the injury," this Court finds that Plaintiff has not alleges facts sufficient to support this sort of claim. *See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978). A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another" as Plaintiff admittedly attempts here. *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985). Assuming that Plaintiff states a colorable claim, Plaintiff makes only cursory accusations and allegations about Defendant and its company policy without putting forth any evidence or argument as to how Defendant's policy was discriminatory or to support his contention that there is a systemic problem. There is therefore nothing for the Court to consider in this regard.

In his objections, Plaintiff also claims that the medical treatment he did receive was "very minute and trivial and only occurred through happenstance." (ECF No. 59 at 5.) In his opposition to Defendant's Motion for Summary Judgment, Plaintiff states that he only received two 1/4 doses of medicated cream (ECF No. 41-1 at 2); claims that the medical staff responded only to the urgings of his medical requests and never voluntarily on their own accord; argues that the itching continued in spite of claims that Benedryl was prescribed; and maintains that his study of a health book reveals that aspirin, which he did not receive, would have alleviated his main problem (ECF No. 41-1 at 8). This Court concurs with the Magistrate Judge's assessment that Plaintiff simply disagrees with the amount of treatment he received and/or the medical staff's attitude toward him. (ECF No. 56 at 8.) "The mere fact that a prisoner may believe that he had a more serious injury or that he required better treatment does not establish a constitutional

8

violation." *Williams v. Ozmit*, No. 6:07-2409, 2008 WL 4372986,*4 (D.S.C. Sept. 22, 2008); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975)(noting that "questions of medical judgment are not subject to judicial review.")  A government unit has an obligation to provide medical care for those whom it is punishing by incarceration but that care need not be the "best possible care; it only has to be 'reasonable care.'" *Geoff v. Bechtold*, 632 F.Supp. 697, 698 (S.D.W.Va.1986) (citing *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977)).

Plaintiff also seems to object to the standard case law cited by the Magistrate Judge, claiming that the cases favor Defendant's position, and then references excerpts and citations from other cases which he maintains support his claim. (ECF No. 59 at 6-8.)  This objection has no merit and this Court finds that the Magistrate Judge fairly and evenly presented the case law in this case.  Plaintiff cites other cases which he argues better support his argument but case citations alone cannot make Plaintiff's argument unless also accompanied by sufficient evidence creating a genuine issue of material fact, thereby defeating Defendant's Motion for Summary Judgment.  Finally, Plaintiff seeks the production of responses to interrogatories from Defendant.  (ECF No. 59 at 9.) The Magistrate Judge addressed Plaintiff's Motion to Compel and issues related to Plaintiff's discovery requests.  Within her authority to decide pretrial matters in this case and her discretion, the Magistrate Judge denied Plaintiff's Motion to Compel.  The Magistrate Judge fully set forth her reasons for doing so and the Court finds no error.  Therefore, Plaintiff's objections, to the extent they relate to his late filed discovery requests, are overruled.

## CONCLUSION

The Court finds that the Magistrate Judge prepared an extensive and detailed Report and Recommendation and also appropriately addressed Plaintiff's arguments. The Magistrate Judge clearly and particularly explained why Plaintiff's claims do not rise to the level of a constitutional violation. The Court has accepted all of Plaintiff's factual allegations as true. Nevertheless, after thoroughly reviewing the Report and Recommendation in its entirety and the evidence in this case and after examining the applicable case law, the Court finds no error in the Report and Recommendation and adopts it and incorporates it herein by reference. As such, Defendant's Motion for Summary Judgment is granted. (ECF No.37.) It is further ordered that Plaintiff's motion to compel (ECF No. 58) be denied as it is moot in light of this order.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

February 7, 2013
Spartanburg, South Carolina